Glenn T. ARMSTRONG, Appellant,

v.

G. A. C. LEASING CORPORATION, Appellee.

No. 7364.

Court of Civil Appeals of Texas, Beaumont.

Aug. 31, 1972.

**812**

Wm. Drew Perkins, Lufkin, for appellant.

Carl D. Levy, George Camp, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit upon an office equipment rental contract. Trial was by jury and the trial court instructed a verdict for plaintiff before plaintiff had rested. The parties will be referred to here as they were in the trial court.

Plaintiff, G.A.C. Leasing Corporation, alleged, in substance, the following: That on or about September 19, 1969, plaintiff as lessor, and defendant Glenn T. Armstrong as lessee, entered into a lease agreement covering certain office equipment. That defendant accepted delivery of such equipment and made certain payments under the lease agreement. That defendant defaulted in the payment due May 19, 1970, and thereafter. That plaintiff had declared all of the balance due under the terms of the lease agreement and sued for such balance plus costs of recovery and attorney's fees and to recover possession of the equipment through foreclosure. Attached to the petition is an oath designated as "Oath On Sworn Account" in which the plaintiff's secretary swore, in effect, that the account was true and correct. A copy of the written lease agreement is attached to the petition also.

Defendant's answer contained allegations to the effect: That the parties agreed that no agreement would be binding until and unless a written acceptance of the equipment had been signed by defendant. That defendant had never signed an acceptance. That the equipment had never functioned properly although defendant had made frequent demands upon the manufacturer (Addressograph Company) and upon plaintiff. That at the time plaintiff regained possession of the equipment, it had a fair market and resale value far in excess of any balance due upon the contract.

The judgment of the trial court gives no indication as to the basis for the action of the trial court in granting the instructed verdict and there are no findings of fact or conclusions of law. Plaintiff's motion for judgment states no grounds for a request for judgment.

Defendant has points of error that the trial court erred in instructing a verdict for plaintiff because defendant's failure to deny the account under oath does not bar defendant from his defense that the equipment did not live up to its warranty, nor does it bar defendant from proving the contract was never executed. These points are sustained.

The fact that plaintiff stated no grounds in its motion for judgment and that the trial court gave no indication as to why the judgment was granted places a difficult burden upon the appellant in this case. Rule 268 provides that a motion for directed verdict shall state the specific grounds therefor. Our Supreme Court has held in In re Price's Estate, 375 S.W.2d 900, 904 (Tex.1964), that even though Rule 268 makes such provision, the sustaining by the trial court of a motion for instructed verdict specifying no grounds should not be considered reversible error for that sole reason. That court followed by saying that if no fact issues were raised by the

evidence to be submitted to the jury, the court could, on its own volition, instruct a verdict for one of the parties. That situation could not have application here for the simple reason that the plaintiff had not rested and defendant had had no opportunity to put on his evidence at the time the motion was granted.

Plaintiff makes the statement in its brief that at the conclusion of its evidence, it urged its motion for instructed verdict on the grounds that defendant failed to file a sworn denial to plaintiff's sworn petition and that defendant failed to file a verified pleading, citing Rules 93 and 185. Rule 419 permits this court to accept as correct any statement made by an appellant in his original brief unless challenged by opposing party. That rule has never been extended to cover statements made by an appellee. However, inasmuch as this is the only clue we have as to why the court granted such motion, we will assume it to be true for the purpose of this appeal.

■ It is true that a portion of Rule 185 provides:

"When any action . . . is founded upon . . . any claim for a liquidated money demand based upon written contract . . ., and is supported by the affidavit of the party . . . to the effect that such claim is . . . just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall . . . file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true . . . When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be."

However, it is doubtful that rule has application to the situation facing us. Rule 185 has been construed uniformly to apply only to transactions between persons in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other, and the relationship of debtor and creditor is thereby created by general course of dealing. It does not apply to transactions between parties resting upon special contract. Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, 78 (1958); Parmer v. Anderson, 456 S.W.2d 271 (Tex.Civ.App., Dallas, 1970, no writ).

■ All of the terms of the contract before us make it crystal clear that this transaction is one of lease and not of sale. Paragraph 2 of the contract reads as follows:

"2. TITLE: Title to said equipment shall remain in the Lessor for all purposes, and shall be evidenced by metal plate, decal, tag, or other suitable device, plainly and permanently affixed to each of said items, bearing Lessor's name, and Lessee covenants that it will not remove or permit to be removed such device during the term of this lease. This contract is one of leasing only and Lessee shall not have or acquire any right, title, or interest in or to any equipment covered hereby except the right to use and operate it."

■ Assuming, arguendo, that this contract was one of sale, we have concluded defendant should have been permitted to offer evidence to support the defenses alleged by him, even though his answer did not constitute a sworn denial. A reading of the rule shows clearly that a defendant who has failed to file an affidavit will not be permitted to deny the claim or any item thereof. The defendant in the case before us could not deny that he had executed the contract and that the amounts stated in plaintiff's petition were correct. However, it has been uniformly held that a defendant still has the defenses of confession and avoidance available to him even in the absence of a sworn denial. Goddard Machinery Co. v. Industrial Equip. Repairs, 351 S.W.2d 371 (Tex.Civ.App., Waco, 1961, no

writ). Yelton v. Bird Lime & Cement Co., 161 S.W.2d 353, 355 (Tex.Civ.App., San Antonio, 1942, error ref. w. o. m.). Jorrie Furniture Company v. Rohm, 442 S.W.2d 476,.478 (Tex.Civ.App., San Antonio, 1969, no writ). Copeland v. Hunt, 434 S.W.2d 156, 158 (Tex.Civ.App., Corpus Christi, 1968, error ref. n. r. e.).

Reversed and remanded.