Glenn T. ARMSTRONG, Appellant,

v.

G. A. C. LEASING CORPORATION, Appellee.

No. 7604.

Court of Civil Appeals of Texas, Beaumont.

July 11, 1974.

William Drew Perkins, Lufkin, for appellant.

Carl D. Levy, Kenneth D. Furlow, Beaumont, for appellee.

KEITH, Justice.

Defendant appeals from a judgment entered non obstante verdicto; and, this being the second appeal of the case with the pleadings being identical, we refer to the earlier opinion for a statement of the underlying facts and the issues made by the pleadings. See Armstrong v. G. A. C. Leasing Corp., 484 S.W.2d 811 (Tex.Civ. App., Beaumont, 1972, no writ).

As indicated in our earlier opinion, defendant's answer asserted "[t]hat the parties agreed that no agreement would be binding until and unless a written acceptance of the equipment had been signed by defendant." (484 S.W.2d at 812) According to the defendant, he had been talking with an equipment salesman about a particular machine for use in his business when the salesman advised him that the plaintiff corporation would probably finance the purchase of the equipment. Shortly thereafter, one Roebuck, an agent of the plaintiff, approached him at his business in Lufkin and they discussed the mechanics of the acquisition.

On September 19, 1969, Roebuck again came to his place of business with a lease agreement which defendant signed. He said that he did so on Roebuck's insistence that this would enable the plaintiff to order the equipment and have it delivered to the defendant. Roebuck had another instrument with him, designated in our record as "Acknowledgement and Acceptance of Delivery", which included therein these words (after describing the particular equipment): "The undersigned does hereby certify and acknowledge that all equipment or material described above has been this day fully delivered, inspected and accepted as satisfactory, and, that the commencement date of the lease agreement for such equipment, on the terms set out above, shall be this _____ day of _____, 1969."

According to the defendant, Roebuck "told me not to sign it until I was satisfied that the equipment was functioning properly and that the bill would not be paid until it was signed." Further, defendant says that he relied upon such statement and executed the lease agreement (but not the "acceptance") upon which suit was maintained. According to the defendant, the equipment was delivered in December, 1969, and never did perform satisfactorily nor could the manufacturer's representative make it work. He went into great detail as to the mechanical malfunctioning of the equipment, the efforts of the manufacturer to correct the same, his complaints to the plaintiff, etc.

Upon receipt of notice that his first lease payment was due, defendant called Roebuck in Beaumont asking why he had been billed when he had not signed the acceptance. He said that Roebuck told him that plaintiff had already paid for the equipment and, so as not "to rock the boat", he sent in his check for the first month's lease payment. Several other monthly payments were made before defendant defaulted. Roebuck did not testify.

The Court submitted Special Issues Nos. 2, 3, and 4, quoted in the margin, each of which was answered favorably to the defendant.[1] Upon motion by the plaintiff,

1. S.I. No. 2: "Do you find from a preponderance of the evidence that G.A.C. Leasing Corporation, acting through its agents or employees, agreed with Glenn Armstrong that the contract entered into September 19, 1969, was not to become effective un-

the Court entered judgment for the plaintiff after disregarding the answer to Special Issue No. 2.

To sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 199 (1952). Moreover, in acting upon such motion all testimony must be considered in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in such party's favor. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 550 (1962). See also, Leonard v. Texaco, Inc., 422 S.W.2d 160, 165 (Tex. 1967).

Or, as stated in Eubanks v. Winn, 420 S.W.2d 698, 701 (Tex.1967): "A judgment notwithstanding the verdict is authorized under Rule 301 only when a directed verdict would have been proper; and *special issue findings may be disregarded which are immaterial* or have no support in the evidence." (emphasis supplied)

It is readily apparent that defendant's unchallenged and unrebutted testimony was *some* evidence of probative value supporting the jury's findings noted above. Consequently, the trial court's action can be sustained only by holding that the answer to Special Issue No. 2 constituted an immaterial finding. Eubanks v. Winn, supra.

Defendant contends that the signing and return of the acceptance, under his contract with Roebuck, was a condition precedent to liability upon the lease contract. As shown by plaintiff's reply points quoted in the margin,[2] plaintiff does not truly join issue on the legal question presented.

It will be noted from the statement of the contentions of the parties that each relies upon a separate legal concept, both of which were discussed authoritatively by Justice Walker in Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 952 (1960):

"As pointed out in Helmke v. Prasifka, Tex.Civ.App., 17 S.W.2d 463 (wr. ref.), there is a distinction between a parol condition affecting delivery of a negotiable instrument and one affecting its payment. By the express terms of the Negotiable Instruments Act, delivery upon a condition or for a special purpose only may always be shown as between the immediate parties. Article 5932, § 16; Williams v. Jones, 122 Tex. 61, 52 S.W.2d 256. See also Moser v. John F. Buckner & Sons, Tex.Civ.App., 283 S.

til Glenn Armstrong signed and delivered to G. A.C. Leasing Corporation, the instrument marked as an Exhibit D–2 and designated as 'Acknowledgement and Acceptance of Delivery'."

S.I. No. 3: "Do you find from a preponderance of the evidence that Glenn Armstrong waived the signing and delivery to G.A.C. Leasing Corporation the instrument marked as Exhibit P–2 and designated as 'Acknowledgement and Acceptance of Delivery' by one or more of the following acts?

A. Conversation of Glenn Armstrong with Billy Holman as to Glenn Armstrong accepting delivery of the equipment.

B. In making the monthly payments as set out in instrument marked as Exhibit P–1.

C. Continued use of the equipment."

S.I. No. 4: "Do you find from a preponderance of the evidence that the making of the payment by Glenn Armstrong in January of 1970 led G.A.C. Leasing Corporation reasonably to believe that he had accepted delivery of the equipment?"

2. No. 1: "The Trial Court did not err in entering judgment for the Plaintiff since the Exhibit D–2 [the Acceptance] was on its face only a mechanical method of acknowledging the receipt of the delivery of the leased equipment which delivery was undisputed in the record and was unintegrated and without probative force or legal effect to vary the explicit terms of the complete lease contract executed by the parties."

No. 2: "The Trial Court did not err in entering judgment for the Plaintiff since the Exhibit D–2 [the Acceptance] and the evidence, in connection therewith, did not affect the delivery of the written lease but concerned or affected its terms of payment."

**711**

W.2d 404 (no writ); Bynum v. Peoples State Bank of Turkey, Tex.Civ.App., 243 S.W.2d 190 (no writ); Hunley v. Garber, Tex.Civ.App., 254 S.W.2d 813 (no writ). On the other hand a parol condition or agreement relating to payment of a delivered instrument is not enforceable if it operates to add to, take from or vary the terms of the written agreement. Helmke v. Prasifka, supra. See also Shepherd v. Woodson Lumber Co., Tex. Civ.App., 63 S.W.2d 581 (no writ)."

See also: Cicero Smith Lumber Company v. Gaston, 447 S.W.2d 736, 738 (Tex.Civ. App., Amarillo, 1969, error ref. n. r. e.); McPherson v. Johnson, 436 S.W.2d 930 (Tex.Civ.App., Amarillo, 1968, error ref. n. r. e.); Shepherd v. Erickson, 416 S.W.2d 450, 452 (Tex.Civ.App., Houston, 1967, error ref. n. r. e.); Abell v. Waggoner, 391 S.W.2d 91, 93 (Tex.Civ.App., Amarillo, 1965, no writ); Heights Savings Association v. Cordes, 412 S.W.2d 372, 375 (Tex. Civ.App., Houston, 1967, no writ); and Roseborough v. Phillips, 389 S.W.2d 593, 596 (Tex.Civ.App., Dallas, 1965, no writ).

Plaintiff in this cause was not a holder in due course and the defense formerly available to a maker under the provisions of the Negotiable Instruments Act cited by Justice Walker in Kuper v. Schmidt, supra [Art. 5932, Sec. 16, Vernon's Ann.Civ.St.], is still available to the defendant under the provisions of the Uniform Commercial Code, § 3.306(2), V.T.C.A., Business & Commerce Code.

■■ The defense of conditional delivery, sanctioned by both statute and case law, was not in violation of the parol evidence rule. Kuper v. Schmidt, supra. We had occasion recently to consider some of the leading authorities on the subject of conditions precedent to liability in contractual law in Modine Mfg. Co. v. North East Independent Sch. Dist., 503 S.W.2d 833, 842–843 (Tex.Civ.App., Beaumont, 1973, error ref. n. r. e.), to which we refer. It is sufficient to say, under the authorities cited in *Modine*, that when a promise is subject to a condition precedent there is no liability or obligation on the promissor and there can be no breach of the contract by him until and unless such condition or contingency is performed or occurs. Defendant pleaded and supported by his own testimony a condition precedent to his liability to perform under the contract. The plaintiff made no effort to refute, except by cross-examination of defendant, the defense so interposed. The trial court submitted the issue to the jury and it found in favor of defendant.

■ It follows from what has been said that we are of the opinion that there was evidence supporting the jury's answer to Special Issue No. 2, and that it was not an immaterial issue. We note, further, that plaintiff pleaded waiver by the defendant's course of action after receipt of the machinery, i. e., his making of several payments due under the terms of the lease contract. Special Issue No. 3, submitting plaintiff's theory of waiver, was answered adversely to plaintiff and this issue was not mentioned in the motion non obstante veredicto. Thus, defendant established the condition precedent to liability and the plaintiff failed to secure a finding of a waiver of such defense.

The trial court fell into error in granting the motion for judgment non obstante veredicto and entering judgment for the plaintiff. Leyva v. Pacheco, supra (358 S.W.2d at 550); Burt v. Lochausen, supra (249 S.W.2d at 199); Eubanks v. Winn, supra (420 S.W.2d at 701).

Plaintiff has no protective cross-points seeking to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict. We have no alternative, therefore, but to reverse the judgment of the trial court and render judgment for the defendant. Jackson v. Ewton, 411 S.W.2d 715, 717 (Tex.1967). It is so ordered:

Reversed and rendered.