Betty Jean CROSS, Appellant,

v.

CITY OF DALLAS, Appellee.

No. 19904.

Court of Civil Appeals of Texas, Dallas.

April 24, 1979.

Rehearing Denied May 24, 1979.

. Richard E. Ward, Street, Swift, Brocker-meyer, Bell, Ward & Tillman, Fort Worth, for appellant.

Patrick A. Teeling, Asst. City Atty., Dallas, for appellee.

Before AKIN, CARVER and ROBERTSON, JJ.

ROBERTSON, Justice.

Betty Jean Cross, appellant, sued the City of Dallas, appellee, for injuries received when she fell into a water meter hole built and maintained by the City. Trial was to a jury on special issues, and the jury rendered a verdict for appellant. The court, however, granted appellee's motion for judgment non obstante veredicto. We hold that the circumstantial evidence is sufficient for the jury to draw a reasonable inference that the City's meter reader failed to secure the lid. Accordingly, we reverse and render judgment for appellant on the verdict.

The jury made the following findings: (1) that the City, its agents, servants and employees, failed to properly secure the lid on the water meter; (2) that such omission constituted negligence; (3) that this was a proximate cause of the accident; (4) that Cross did not fail to keep a proper lookout; (5) that the City's negligence was the sole cause of the occurrence; and (6) that Cross had sustained damages.

■ For the trial court to grant a judgment non obstante veredicto, it must find that there is no evidence having probative force upon which the jury could have based their findings. *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194 (1952); *Armstrong v. G. A. C. Leasing Corp.,* 512 S.W.2d 708 (Tex.Civ.App.—Beaumont 1974, no writ). If there is any evidence of probative value to support the jury's findings, it is incumbent upon the trial court to render judgment in conformity with the jury's verdict. *Pressley v. Holley,* 507 S.W.2d 869 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n. r. e.). The fact that there is some evidence to the contrary is immaterial. *Biggers v. Continental Bus System,* 157 Tex. 351, 303 S.W.2d 359 (1957); *Brunson v. Brunson,* 502 S.W.2d 578 (Tex.Civ.App.—Fort Worth 1973, no writ). In determining the propriety of a judgment non obstante veredicto, this court may consider only evidence which, viewed in its most favorable light, supports the jury findings and must disregard all evidence to the contrary. *Brunson v. Brunson, supra; Leonard v. Texaco, Inc.,* 422 S.W.2d 160 (Tex.1967); *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547 (1962).

■ As a general rule, negligence and causation may be established by circumstantial as well as direct evidence. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273 (1958). A fact is established by circumstantial evidence when it is fairly and reasonably inferred from the evidence presented. *Larson v. Ellison,* 147 Tex. 465, 217 S.W.2d 420, 421 (1949); *Southwestern Transfer Co. v. Slay,* 455 S.W.2d 352 (Tex.Civ.App.—Beaumont 1970, no writ).

■ The record reflects that appellant stepped on an unlocked water meter lid, fell into the water meter hole, and injured herself. The water meter had been read by an employee of the City approximately eigh-

teen days before the accident. Water meter lids are locked to limit access to Water Department personnel, who use a special key to lock and unlock the lids when reading the meters. The lid can be removed without using a key, but only by breaking the plunger, and such action would leave scratches or marks on the locking mechanism. After appellant's accident, the City examined the lid and its locking mechanism and found no evidence of any damage. The water meter in question services a warehouse, and the assistant manager of that warehouse testified that no plumbing or building maintenance had been performed on the warehouse for at least two months before the accident, that he did not open the lid nor did he observe any of his employees opening it, and that he had not seen any other person tamper with or open the lid for at least two months before the accident.

We conclude that the jury could have reasonably inferred from this evidence that the City negligently failed to lock the water meter lid and that this failure caused the appellant's damages. *See Mims v. Bohn*, 536 S.W.2d 568 (Tex.Civ.App.—Dallas 1976, no writ). Consequently, the judgment must be reversed and judgment rendered for the appellant in the sum of $8,915.60, with interest from November 16, 1978. We commend the trial judge, however, for submitting the case to the jury and then considering this question on defendant's motion for judgment non obstante veredicto rather than granting an instructed verdict. If he had followed the latter course, a new trial would have been required, but on the present record we are able to render a proper judgment, disposing of the controversy.

Reversed and rendered.