Joe Shelby SPILLMAN, Robert Frank Spillman, John Milton Spillman, Ruth Ann Ratliff, Mary Alice Sanders, and Judy L. Spillman, Appellants,

v.

ESTATE OF Amanda Alice SPILLMAN, Deceased, Appellee.

No. 19959.

Court of Civil Appeals of Texas, Dallas.

July 27, 1979.

Rehearing Denied Aug. 28, 1979.

Reid A. Rector, Erhard, Cox & Ruebel, Dallas, for appellants.

William Andress, Jr., Dallas, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

ROBERTSON, Justice.

This is a will contest. Proponents-appellees Ken Wallis and Republic National Bank of Dallas filed an application to probate the will of Amanda Alice Spillman. Contestants-appellants, the children of Amanda Spillman, filed a contest to this application alleging lack of testamentary capacity because of an insane delusion, undue influence because of a fiduciary relationship, and failure to actually sign and execute the will. Trial was to a jury, but at the close of the evidence the court sustained appellees' motion for an instructed verdict on all of the issues except that of undue influence. The jury answered this issue adversely to appellants. We affirm.

■ Appellants' first contention is that the trial court erred in refusing to submit appellants' proposed issues on fiduciary relationship and undue influence. This latter issue included an instruction on fiduciary relationship. Appellants claim that the evidence raised this point and, thus, these issues should have been submitted. We disagree. If there is some evidence of fiduciary relationship, a presumption of undue influence is raised. *Price v. Taliaferro*, 254 S.W.2d 157, 163 (Tex.Civ.App.—Fort Worth 1952, writ ref'd n. r. e.); *Rounds v. Coleman*, 189 S.W. 1086 (Tex.Civ.App.—Amarillo 1916, no writ). The only effect of this presumption, however, is to establish the burden of producing evidence. A presumption is not evidence of something to be weighed along with the evidence. *Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854 (1942); *Armstrong v. West Texas Rig Co.*, 339 S.W.2d 69 (Tex. Civ.App.—El Paso 1960, writ ref'd n. r. e.). An issue on undue influence was submitted to the jury and answered adversely to appellants. This was all that appellants were entitled to, and the trial court did not err in refusing to submit appellants' proposed special issues.

■ Appellants next argue that the trial court erred in instructing a verdict on the issue of whether the testatrix signed and executed her will on September 29, 1972. We disagree. The undisputed evidence reflects that the testatrix signed the will on September 29, 1972. Although there is some discrepancy between the way the pages were initialed and the testatrix' signature, no real controversy exists regarding the actual signing of the will. Although the trial court properly instructed a verdict on this issue, the better practice would have been to submit this issue to the jury because if there had been evidence on appeal, the case could be rendered rather than reversed. *See Cross v. City of Dallas*, 581 S.W.2d 515, 516 (Tex.Civ.App.—Dallas 1979, no writ).

■ Appellants' third contention is that the trial court erred in allowing certain lay witnesses to testify that decedent was of sound mind. We disagree. Although a lay witness cannot give an opinion about whether a person has testamentary capacity, he may testify that a person is of sound mind if a proper predicate is laid. *Carr v. Radkey*, 393 S.W.2d 806 (Tex.1965); *Chambers v. Winn*, 137 Tex. 444, 154 S.W.2d 454 (1941). To lay a proper predicate, it must be shown that the witness had sufficient personal contact with the decedent to reasonably form such an opinion from firsthand knowledge. *Storey v. Hayes*, 448 S.W.2d 179 (Tex.Civ.App.—San Antonio 1969, writ dism'd). A review of the record reveals that this predicate was laid and, thus, the trial court correctly allowed these witnesses to testify regarding the soundness of the testatrix' mind.

Appellants also argue that there was sufficient evidence to submit the question of lack of testamentary capacity based on an insane delusion to the jury and that the trial court erred in instructing a verdict for appellee. We disagree. In *Knight v. Edwards*, 153 Tex. 170, 264 S.W.2d 692 (1954), the supreme court set up a two-pronged test defining insane delusion: (1) the belief of a state of supposed facts that do not

exist; and (2) which no rational person would believe. This test was followed in *Lindley v. Lindley*, 384 S.W.2d 676 (Tex. 1964), with the court explaining the second part of the test. The court held that to prove the second element, a party must show that an organic brain defect or a functional disorder of the mind existed. *Lindley v. Lindley*, 384 S.W.2d at 679.

■ The second paragraph of Amanda Spillman's will contains her reasons for leaving only a small portion of her estate to her children. Paragraph Two states:

> Over the years my children have used my property without paying rent or contributing to the expenses, and they have borrowed money from me which has never been repaid, and they turned their backs on me when I was in financial difficulty and in danger of losing my properties.

The record reflects that appellants rented property from the testatrix but that they paid rent for the usage of such property. There is also evidence to show that the testatrix was not destitute nor ever in any danger of losing her property. The record also demonstrates that the testatrix' financial condition was sound and that she never failed to meet any of her financial obligations. It appears that a conflict exists between the state of facts set out in Paragraph Two of the will and the facts adduced at trial thus satisfying the first requirement for an insane delusion. No evidence exists, however, to show that the testatrix suffered from any mental disorder. As the court in *Knight* stated:

> But the fact that there is evidence that Mrs. Lockhart was laboring under a false belief or a delusion does not necessarily mean that there is evidence that she was the victim of an insane delusion. A delusion and an insane delusion as that term is defined in law, are altogether different mental conditions. 264 S.W.2d at 695.

At most, the evidence illustrates that the testatrix was mistaken in her belief regarding her children. There is no evidence in the record to show that the testatrix' belief could not have been entertained by a rational person under the circumstances. Thus, the evidence is not sufficient to raise the issue of insane delusion, and the trial court properly instructed a verdict on the issue of testamentary capacity.

■ Finally, we feel compelled to comment on the method used by the trial court to submit this case to the jury. The trial court granted appellee's motion for an instructed verdict on the issues of testamentary capacity, of whether the testatrix actually signed and executed the will, and of whether the testatrix signed and executed the will with the formalities required by law. Nevertheless, the court submitted these issues to the jury with answers favorable to appellee and with instructions from the court that these answers were required by the evidence. No need existed for the judge to submit these issues and answers upon which he had instructed a verdict. The appropriate way of submitting this case would have been to submit only the special issues required to be answered by the jury. The method of submission used in this case might be a comment by the trial judge on the credibility of the witnesses and on other evidence because the same testimony and evidence may be relevant to what the jury is required to answer as well as the issues on which the judge instructs an answer in his charge.

Affirmed.