NO. 07-05-0420-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JANUARY 31, 2007



______________________________




ROSA DUENES, APPELLANT



V.



CITY OF LITTLEFIELD, APPELLEE




_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 16311; HONORABLE FELIX KLEIN, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

 Appellant, Rosa Duenes, appeals from a traditional and no-evidence summary
judgment disposing of her premises liability claim against Appellee, the City of Littlefield. 
Presenting four issues, Duenes contends the trial court erred in concluding that an
unsecured water meter box lid constituted a premise defect and in finding there was no
evidence supporting at least one essential element of her claim. We affirm.

 On March 15, 2003, Duenes injured her knee when she fell into a water meter box
near a residential street in Littlefield, Texas. Sometime after dark, Duenes and her
husband left a dinner party and walked to the couple's vehicle which was parked on the
grass in front of a neighboring residence. As Duenes attempted to enter the vehicle, she
stepped on the meter box and its cast iron lid flipped causing her left leg to fall into the box
and her right knee to twist. Duenes was injured, and her knee required surgical repair. 

 Duenes subsequently sued the City to recover her damages alleging that the
unsecured meter box lid was a special defect, or in the alternative, a premise defect,
pursuant to § 101.022 of the Texas Tort Claims Act. (1) She alleged the City failed to
exercise ordinary care to remove, fix, or warn of the condition. The City filed its Motion for
Summary Judgment raising both traditional and no-evidence grounds. The City claimed
that the meter box constituted a premise defect and that there was no evidence that the
condition posed an unreasonable risk of harm or that the City was aware of the condition
of the meter box lid prior to Duenes's injury. Following a hearing on the motion, the trial
court ruled that the meter box was a premise defect and granted summary judgment in
favor of the City. (2)


Standard of Review

 To determine whether the trial court erred in granting the traditional and no-evidence
motion for summary judgment, we apply the standards of review we discussed in Kimber
v. Sideris, 8 S.W.3d 672, 675-76 (Tex.App.-Amarillo 1999, no pet.).

Premise Defect or Special Defect By her first issue, Duenes contends the trial erred because the unsecured meter box
lid constituted a special defect under the Texas Tort Claims Act. We disagree.

 A governmental entity may be liable for personal injury caused by a condition or use
of real property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(Vernon 2005). However,
the applicable standard of care depends on whether the condition is classified as a
premise defect or special defect. Id. at § 101.022. 

 If a condition is determined to be a special defect, the duty owed by the
governmental unit to a user of the property is the same as the duty a private landowner
owes an invitee. See id. at (b). State Dept. of Highways & Public Trans. v. Payne, 838
S.W.2d 235, 237 (Tex. 1992). Thus, the governmental unit must use ordinary care to
reduce or eliminate an unreasonable risk of harm created by a condition of which the unit
is or reasonably should be aware. Payne, 838 S.W.2d at 237.

 If a condition is determined to be a premise defect, the duty owed is the same duty
that a private landowner owes a licensee. § 101.022(a); Payne, 838 S.W.2d at 237. 
Under this duty, a landowner must not injure a licensee by willful, wanton, or grossly
negligent conduct and must use ordinary care either to warn a licensee of a condition
presenting an unreasonable risk of harm of which the landowner is actually aware and the
licensee is not, or to make the condition reasonably safe. Payne, 838 S.W.2d at 237;
County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002). 

 Whether a condition constitutes a premise defect or a special defect is a question
of law. Payne, 838 S.W.2d at 238; Martinez v. City of Lubbock, 993 S.W.2d 882, 884
(Tex.App-Amarillo 1999, pet. denied). Section 101.022(b) provides that special defects
include "excavations or obstructions on highways, roads, or streets." Although this
description is not exclusive, the conditions complained of must be of the same kind or
class. City of Grapevine v. Roberts, 946 S.W.2d 841, 843 (Tex. 1997). The condition
must present an unexpected and unusual danger to ordinary users of a roadway. State
v. Burris, 877 S.W.2d 298, 299 (Tex. 1994); Payne, 838 S.W.2d at 238. However, the
condition need not be on the surface of the roadway itself. In some instances, dangerous
obstacles in close proximity to roadways have been considered special defects. See, e.g.,
City of Austin v. Rangel, 184 S.W.3d 377, 384 (Tex.App.-Austin 2006, no pet.) (an
uncovered meter box on a public sidewalk); Chappell v. Dwyer, 611 S.W.2d 158,
161(Tex.Civ.App.-El Paso 1981, no writ) (protective barriers removed from an arroyo
between two roads that appeared to intersect); Andrews v. City of Dallas, 580 S.W.2d 908,
909 (Tex.Civ.App.-Eastland 1979, no writ) (concrete foundation in the median of a divided
roadway serving as the base of a traffic signal); City of Houston v. Jean, 517 S.W.2d 596
(Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.) (an unmarked culvert four feet
from the end of the roadway).

 Here, Duenes contends the unsecured meter box lid constituted a special defect;
therefore, the City owed her the duty owed to an invitee. Citing Martinez v. State, 993
S.W.2d 882 (Tex.App.-Amarillo 1999, pet. denied), Duenes contends that the meter box
was in close proximity to the residential street, and that it was common for users of the
roadway to pull over and park their vehicles on the grassy area where the meter box was
located. Furthermore, she states that when the injury occurred, she was "about to enter
the roadway for travel" and "was using the roadway and its parking area for its intended
purpose . . . namely, getting in and out of the vehicle." Based on these circumstances,
Duenes concludes the unsecured meter box lid posed a threat to the ordinary users of the
residential street.

 However, reviewing the summary judgment evidence, we are not convinced that the
unsecured meter box lid constituted a special defect subjecting the City to the higher
standard of care. The evidence reveals that the meter box was approximately seventeen
and a half feet from the residential street and only a few feet from a fence in front of the
residence. (3) The lid itself was partially obscured by weeds and sat approximately five
inches below ground level. Both Duenes and her husband testified that there was no curb
separating the roadway from the grassy area where the meter box was located.

 Faced with similar circumstances, in Bishop v. City of Big Spring, 915 S.W.2d 566
(Tex.App.-Eastland 1995, no writ), the court held that a defective water meter box on the
side of the roadway was not a special defect because it was located in an area between
a mailbox and a fence. Id. at 571. The court reasoned that the condition did not create
a hazard to normal users of the roadway because they would not typically travel in that
location. Id. Similarly, in Martinez, this Court failed to find a special defect where a
pedestrian stepped into an uncovered hole on a dirt path three to five feet from a curbed
roadway. Martinez, 993 S.W.2d at 882. While acknowledging that the dangerous
condition need not be on the surface of the road itself, we held that "the hole at bar was
not located at a place where users of the roadway would normally travel." Id. at 885. 
Although there was no curb or other physical obstruction demarcating the roadway from
the grass in the present case, like Bishop and Martinez, the meter box was not located in
an area where users of the roadway would normally travel. Even taking as true Duenes's
testimony that users of the residential street routinely pulled over and parked on the grassy
area adjacent to the roadway, the meter box's distance from the roadway and its proximity
to the fence render it unlikely that persons using the roadway for this purpose would
normally encounter this condition.

 By her reply brief, Duenes contends that, because there were no curbs, the area
where the meter box was located was akin to a public sidewalk. Citing City of Austin v.
Rangel, 184 S.W.3d at 384 and City of El Paso v. Chacon, 148 S.W.3d 417 (Tex.App.-El
Paso 2004, pet. denied), Duenes suggests that pedestrians entering and exiting vehicles
were required to walk in the area where the defective meter box was located. However,
Rangel and Chacon both rely on the fact that a sidewalk is defined as "the portion of a 
street . . . between a curb or lateral line of the roadway and the adjacent property line. . . 
intended for pedestrian use." Tex. Transp. Code Ann. § 541.302(16) (Vernon 1999)
(emphasis added). The meter box in the present case does not reside in such an area. 
In addition, both courts found that a dangerous condition existed in a location where
pedestrians would normally walk and would not expect to encounter danger. Here, there
is no evidence of pedestrian traffic in the area surrounding the meter box other than the
testimony of Duenes and her husband. Moreover, the evidence suggests it would be
unlikely for persons entering and exiting parked vehicles to traverse along the fence
seventeen and a half feet from the roadway in an area of tall weeds oblivious to the
possibility that there may be obstacles unbeknownst to them in their path. A dangerous
condition located so far from the roadway that vehicular passengers and other normal
users of the roadway are unlikely to encounter it is not a special defect. Payne, 838
S.W.2d at 239; Tex. Dep't of Transp. v. Andrews, 155 S.W.3d 351, 356 (Tex.App.-Fort
Worth 2004, pet. denied). To hold otherwise could subject governmental entities to liability
for any number of conditions, regardless of their distance from roadways, simply due to the
fact that the surrounding area is occasionally used by vehicles or pedestrians. Accordingly,
we agree with the trial court and find that the condition of the meter box constituted a
premise defect, as opposed to a special defect under § 101.022. Issue one is overruled.

 Because the condition of the meter box constituted a premise defect, the City had
a duty to use ordinary care to warn Duenes of any dangerous condition of which it was
actually aware and Duenes was unaware, or make the condition reasonably safe. 

Actual Knowledge of Unreasonably Dangerous Condition

 To recover for an injury caused by premise defect, Duenes would have to prove that
the City had actual knowledge of an unreasonably dangerous condition. Payne, 838
S.W.2d at 237; Martinez, 993 S.W.2d at 886. By its motion for summary judgment, the
City alleged there was no evidence that it had actual knowledge of the condition of the
meter box. The City further alleged that there was no evidence that it had any knowledge
that the condition was unreasonably dangerous. 

 By her third issue, Duenes contends summary judgment was improper because "the
testimony and related inferences" demonstrate that the City knew about the condition of
the unsecured meter box lid prior to her injury. We disagree.

 Specifically, Duenes relies on the following evidence which she claims supports her
contention:


 The testimony of eyewitness Isidra Marquez that the meter box lid had
not been working properly for at least one month prior to Duenes's
injury.

 The testimony of Michael Williamson that a City employee made a
service call to the meter box five days prior to Duenes's injury.


 The evidence indicates that Marquez hosted the dinner party that Duenes attended
and lived in the house next door to the property where the meter box was located. By
deposition, she testified that she had noticed the lid was flipping at least a month before
Duenes's injury and had placed a rock on top of the lid to protect her grandchildren. 
However, she conceded that she never contacted the City about the dangerous condition
and never saw City employees working at the meter box. In his deposition, the City's
Water Superintendent, Michael Williamson, insisted that the City had no actual knowledge
of the meter box's condition on the date of the accident. He did confirm that a City
employee "completed a job " at the meter box five days prior to Duenes's injury but testified
that there was not a problem with the lid because if there was, it would have been reported
to him. Williamson did not rule out the possibility that the box could have been tampered
with after the service call. 

 Even so, Duenes insists that the evidence in this case parallels the evidence in
Cross v. City of Dallas, 581 S.W.2d 514 (Tex.Civ.App.-Dallas 1979, writ ref'd n.r.e.). 
However, Cross was an appeal from a judgment non obstante veredicto concerning
whether a jury could reasonably infer from circumstantial evidence that a city employee
negligently failed to lock a water meter lid. See id. Although facially similar, we do not find
Cross to be persuasive authority on the issue of actual knowledge. 

 A trial court should grant a no-evidence motion for summary judgment when the
evidence offered to support a vital fact is "no more than a mere scintilla" of evidence. King
Ranch, Inc. v. Chapman, 118 S.W.3d 742 (Tex. 2003). No more than a scintilla of
evidence is established when the evidence would not allow reasonable and fair-minded
people to differ in their conclusions. Forbes, Inc. v Granada Biosciences, Inc., 124 S.W.3d
167, 172 (Tex. 2003). The evidence offered by Duenes, the non-movant, in opposition to
the City's no-evidence motion for summary judgment is no more than a mere scintilla of
evidence of a vital fact, to-wit: actual notice. Marquez' testimony does not touch upon the
City's actual notice at all. Williamson's testimony merely acknowledges the City's
awareness of the existence of the meter box but does not acknowledge notice of any
defect. Based upon such evidence, reasonable and fair-minded people could not reach
the conclusion that the City had actual notice of a defective condition. Therefore, having
negated at least one essential element of Duenes's cause of action, we hold the trial court
did not err in granting summary judgment in this regard. Randall's Food Mkts, Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Duenes's third issue is overruled. Our
disposition of this issue pretermits our consideration of Duenes's second and fourth issues. 
Tex. R. App. P. 47.1.

 Accordingly, the judgment of the trial court is affirmed.

 

 Patrick A. Pirtle

 Justice
1. Tex. Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon 2005).
2. The Order Granting Defendant's Motion for Summary Judgment did not specify
whether it was based on the Defendant's no-evidence or traditional grounds.
3. It is unclear whether the water meter actually serviced the residence.