**Roger MARTINEZ, Appellant,**

v.

**CITY OF LUBBOCK, Appellees.**

No. 07–98–0247–CV.

Court of Appeals of Texas, Amarillo.

June 2, 1999.

Rehearing Overruled July 8, 1999.

---

Fred Bowers, Judson Waltman, Bowers Law Office, Lubbock, for appellant.

Anita E. Burgess, City Atty., Jeff Hartsell, Trial Atty., Lubbock, for appellees.

Before BOYD, C.J., QUINN, and REAVIS, JJ.

BRIAN QUINN, Justice.

Roger Martinez appeals from a final summary judgment denying him recovery against the City of Lubbock. Two issues pend for our review. The first concerns whether an uncovered hole, which once contained a water meter, constitutes a special defect or a premises defect under the

Texas Tort Claims Act.[1] The second issue need only be addressed if we conclude that the condition was a premises defect. Should we so conclude, our task then encompasses the duty of deciding whether the City established as a matter of law that it lacked actual knowledge of the condition. We affirm.

### Background

Destined for the local Salvation Army, Martinez walked along a dirt path in a vacant lot at approximately 11 p.m. The lot abutted Avenue M in Lubbock. Though the path generally ran parallel to that street, it was three to five feet inside the lot and away from the curbed road. As Martinez walked, he stepped into the uncovered hole and allegedly sustained injury. Thereafter, he commenced suit against the City, and others, to recover for those injuries. The City joined issue, asserted its defense of governmental immunity, and filed a motion for summary judgment. Through the latter pleading, it averred that summary judgment was proper because, among other things, the condition constituted a premises defect. Allegedly being such a defect, any obligation it had vis-a-vis third parties accrued only if it had actual knowledge of the defect, and because it did not, it owed Martinez no duty. The trial court agreed, granted summary judgment, and stated in its order that the condition was a premises defect of which the City lacked actual knowledge.

### Standard of Review

The standard of review applicable to appeals from summary judgments is well known. Thus, we will not reiterate it.

### Issue One—Premises Versus Special Defect

■ Initially, Martinez contends that the trial court erred in concluding that the condition constituted a premises defect. He believed it was a special defect. We disagree.

■ Whether a condition is a premises or special defect is a question of law. *City of El Paso v. Bernal*, 986 S.W.2d 610, 611 (Tex.1999); *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex.1997); *State Dept. of Highways & Public Trans. v. Payne*, 838 S.W.2d 235, 238 (Tex.1992). Furthermore, statutory examples of special defects include "excavations or obstructions on highways, roads, or streets." TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(b) (Vernon 1997). Though these examples are not exclusive, the condition complained of must be of the same kind or class. *City of Grapevine v. Roberts*, 946 S.W.2d at 843. So too must they 1) be unexpected and unusual, *State v. Burris*, 877 S.W.2d 298, 299 (Tex.1994), and 2) pose a threat to ordinary users of the particular roadway. *Id.; State Dept. of Highways & Public Trans. v. Payne*, 838 S.W.2d at 238 n. 3. For instance, ice on a bridge during times of near freezing weather is not a special defect because the condition is not unusual. *State Dept. of Highways & Public Trans. v. Kitchen*, 867 S.W.2d 784, 786 (Tex.1993). Nor is injury arising from falling off the end of a culvert, which runs under a road but ends some 20 feet from the road, an injury caused by a special defect. *State Dept. of Highways & Public Trans. v. Payne*, 838 S.W.2d at 238–39. This is so because an ordinary user of the road would not be threatened by a drop-off such distance from the road. *Id.*

However, it must be noted that the excavation, obstruction, or the like need not be on the surface of the road itself. *Id.* at 238 n. 3. Indeed, a dangerous obstacle in close proximity to a thoroughfare has been considered a special defect. *See, e.g., Chappell v. Dwyer*, 611 S.W.2d 158 (Tex. Civ.App.—El Paso 1981, no writ) (involving an arroyo between two roads that appeared to intersect); *City of Houston v. Jean*, 517 S.W.2d 596 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.)

---

1. TEX. CIV. PRAC. & REM.CODE ANN. § 101.022 (Vernon 1997).

(involving an unmarked culvert four feet from the end of a road); *Andrews v. City of Dallas*, 580 S.W.2d 908 (Tex.Civ.App.— Eastland 1979, no writ) (involving a concrete foundation in the median of a divided roadway serving as the base of a traffic signal). Nevertheless, *Chappell, Jean,* and *Andrews* entailed circumstances wherein the injured party was utilizing the actual road surface immediately before encountering the obstacle. Moreover, the obstacle was intertwined with the use of the road for its intended purpose. For instance, the traffic signal in *Andrews* not only was near the road but also served to facilitate the actual use of the road, while the excavations in *Chappell* and *Jean* were hidden in a manner which induced a traveler to believe that the roads could continue to be used for their intended purpose. Thus, the obstruction or excavation in these three cases may not have been on the surface of the street itself, but their close proximity to the road posed danger to those actually traversing the road.

At bar, the summary judgment evidence illustrates that the hole did not appear on the surface of the street itself, but some two to five feet away from it. Furthermore, when he encountered it, Martinez was not walking on or using the road as a means of travel, for the actual traveling occurred on a dirt path also some two to five feet from and parallel to the road.[2] Moreover, the conditions present were not such as would induce one traveling on the street to believe that the street encompassed the location whereat lay the hole. Indeed, between the road and the hole not only lay several feet of ground but also a curb. Nor can it be said that the hole was created or existed for a purpose inherently intertwined with the use of the road; instead, it once contained a water meter which measured the flow of water to a structure once on the lot.

The circumstances at bar are akin to those in *Bishop v. City of Big Spring*, 915 S.W.2d 566 (Tex.App.—Eastland 1995, no writ). Bishop stepped upon a defective lid covering of a water meter and fell into the hole. The meter lay between a mailbox adjacent to the road and a fence surrounding the house from which she exited. The court held that so located, it was outside the path of those normally traveling on the road. *Id.* at 571. Thus, it was not a special defect. In this instance, like that in *Bishop*, the meter hole was not on the roadway but several feet away from it. Much like the mailbox in *Bishop*, the curb here presented an object demarcating the edge of the road for those using the road. So, like the court in *Bishop*, we are constrained to hold that the hole at bar was not located at a place where users of the roadway would normally travel.

Ironically, had Martinez been using the road to sojourn to his destination, he would not have encountered and fallen into the hole. Instead, a nearby path in an empty lot was used. Because of this and the other indicia discussed, we conclude that the obstacle neither posed a threat to ordinary users of the road nor constitued a special defect. Rather, it was a premises defect as determined by the trial court.

### Issue Two—Actual Knowledge of the Defect

■ Next, Martinez says that his claims should not have been denied because the summary judgment evidence illustrated that the City actually knew of the uncovered hole. We disagree.

■ As previously mentioned, the question of actual knowledge or notice has become of import since we hold that the condition at issue is a premises, as opposed to special, defect. Had we not so held,

---

2. Nor do we accept Martinez's notion that because he sojourned parallel to and within feet of the road he was using the road for purposes of § 101.022 of the Texas Transportation Code or *Payne* and its progeny. In this case, the road served not as a means of carrying him to and from a particular place because he was not traveling on the road, but rather it was used as a geographic marker directing him to a particular locale.

then it would have been moot. This is so because to recover against a governmental entity for a premises defect, it must be shown, among other things, that the entity had actual knowledge of the defect. *State Dept. of Highways & Public Trans. v. Payne*, 838 S.W.2d at 237. Conversely, to recover for injury caused by a special defect, the complainant may show that the entity either had actual knowledge or an awareness of circumstances which should have reasonably placed it on notice of the condition. *Id.* So, since the obstacle at bar is not a special defect, the City must have had actual knowledge of it before the entity can be assessed with liability

The City presented evidence indicating that prior to the accident it lacked actual knowledge of the open hole into which Martinez fell. To rebut this, Martinez cites a plethora of evidence illustrating that 1) numerous lids covering water meters are stolen annually, 2) accidents akin to that experienced by Martinez occur regularly, 3) the City knew that lids are stolen in great numbers and incidents like that involving Martinez occur, and 4) the City did not inspect abandoned meter sites like that at bar. Yet, these indicia pertain, at best, to knowledge about the existence of open holes and accidents in general. None indicate (directly or via reasonable inference) that the City actually knew before the accident that the particular meter hole in which Martinez fell was uncovered. Therefore, we cannot say the court erred in concluding, as a matter of law, that the City lacked prior actual knowledge of the obstacle encountered by Martinez.

Accordingly, we affirm the summary judgment.