James Troy SNOW and Frances
Snow, Appellants,

v.

TEXAS DEPARTMENT OF
TRANSPORTATION,
Appellee.

No. 07–99–0136–CV.

Court of Appeals of Texas,
Amarillo.

March 21, 2000.

Stephen W. Mitchell, Hurst, for appellant.

John Cornyn, Atty. Gen., Andy Taylor, Linda D. Eads, Grady Click, Michael Ratliff, Austin, for appellee.

Before BOYD, C.J., and QUINN and JOHNSON, JJ.·

PHIL JOHNSON, Justice.

Appellants sued the Texas Department of Transportation claiming that a handicap ramp on a sidewalk contained a defect causing injuries to appellant James Snow. The trial court granted a "no evidence" summary judgment to the Department of Transportation based on its claim that the alleged defect was not a special defect and that there was no evidence the Department had actual knowledge of the claimed defect prior to the incident. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September of 1995, appellant James Snow (James) was traveling down a sidewalk curb ramp in his wheelchair, preparing to cross the intersection of State Highway 114 and Houston Street in Levelland, Texas. As James rolled down the curb ramp, one wheel of his wheelchair rolled into a depression which existed due to the rectangular cover of a traffic signal ground box (the ground box) being approximately one to one and a half inches lower than the level of the adjacent surface of the ramp. James' wheelchair overturned, causing injuries to him. James and his wife, Frances, brought suit against appellee, Texas Department of Transportation, pursuant to the Texas Tort Claims Act.[1] Appellee moved for summary judgment, asserting that (1) it was immune from suit and from liability except to the extent immunity was waived by sections 101.021 and 101.022 of the Tort Claims Act; (2) appellants alleged a premises defect in real property; (3) if the condition was a defect, it was a premises defect under section 101.022(a) of the Tort Claims Act and not a special defect as referred to by section 101.022(b) of the act; and (4) because appellants could produce no evidence that appellee had actual knowledge of the alleged defect prior to the incident, a "no-evidence" summary judgment should be granted under Texas Rule of Civil Procedure 166a(i).[2] Appellants filed a written response to the motion for summary judgment and thereby urged multiple reasons that summary judgment should be denied. The trial court granted appellee's motion for summary judgment.

In their sole issue on appeal, appellants urge that summary judgment was improper because the depression created by the pull box was a special defect. Appellants assert that because the condition was a special defect, their burden was only to produce some evidence that appellee should have known of the condition before the incident. Appellants claim that their evidentiary burden was fulfilled by production of evidence that appellee designed, constructed and maintained the ground box. Appellants posit that because appellee designed, constructed and maintained the ground box, appellee should have

---

1. Tex. Civ. Prac. & Rem.Code Ann. ch. 101 (Vernon 1997). Reference to the Tort Claims Act hereafter will be by reference to "the act," or simply to "section___."

2. A Rule of Civil Procedure will be referred to hereafter as "Rule___."

known of the depressed condition of the cover.[3] The trial court granted appellee's motion for summary judgment.

## STANDARD OF REVIEW

After adequate time for discovery, a party may move for a summary judgment as to all or any part of a lawsuit on the basis that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Rule 166a(a),(b),(i). A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Aguirre v. South Tex. Blood & Tissue Ctr.*, 2 S.W.3d 454, 456 (Tex.App.—San Antonio 1999, pet. denied); *Roth v. FFP Operating Partners, L.P.*, 994 S.W.2d 190, 195 (Tex. App.—Amarillo 1999, pet. denied). We review the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *See Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Roth*, 994 S.W.2d at 195. A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the essential elements of the claim or defense which forms the basis for the summary judgment motion. *Roth*, 994 S.W.2d at 195. More than a scintilla of evidence exists when such evidence rises to a level that would enable reasonable and fair-minded persons to differ in their conclusions. *Id.* Less than a scintilla of evidence exists to support a genuine issue of material fact when the evidence is so weak as to do no more than create a mere surmise or suspicion of a material fact issue. *See Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

## LAW

The legislature has waived immunity of governmental units from liability for personal injuries or death caused by a condition or use of real property if the governmental unit would be liable were it a private individual under Texas law. Sections 101.025, 101.021(2). If such a claim is based on a premises defect, the governmental unit owes the claimant the duty that a private person owes to a licensee on private property, unless the claimant has paid for the use of the premises. Section 101.022(a). As to a licensee, the owner or possessor of land can be held liable for injuries proximately caused by a condition of the premises if (a) the condition of the premises posed an unreasonable risk of harm to the licensee; (b) the owner or possessor of the premises had actual knowledge of the condition; (c) the licensee did not have actual knowledge of the condition; and (d) the owner or possessor of the premises failed to exercise ordinary care to protect the licensee from danger, by both failing to adequately warn the licensee of the condition and failing to make the condition reasonably safe. *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996); *State Dep't of Highways and Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992).

However, as to claims arising because of "special defects," the duty of the governmental unit is the same duty as that owed to an invitee by the owner or possessor of premises. *Payne*, 838 S.W.2d at 237; *see* section 101.022(b). To establish liability of a private person to an invitee for injuries proximately caused by a premises condition, the invitee must prove that (1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner or possessor of the premises knew or reasonably should have known of the condition; and (3) the owner

---

**3.** For a discussion of proof requirements when a premises condition poses an unreasonable risk of harm as the result of changes

over a period of time, *see CMH Homes, Inc. v. Daenen*, 43 Tex.Sup.Ct.J. 420, 2000 WL 144441 (Feb. 10, 2000).

or possessor failed to exercise ordinary care to protect the invitee from danger. *Payne*, 838 S.W.2d at 237.

 Whether a condition is a special defect is a matter of law. *Payne*, 838 S.W.2d at 238; *Martinez v. City of Lubbock*, 993 S.W.2d 882, 884 (Tex.App.—Amarillo 1999, pet. denied). Special defects include "defects such as excavations or obstructions on highways, roads, or streets. . . ." Section 101.022(b). The statutory list is not exclusive, but sets out examples of special defects. *Payne*, 838 S.W.2d at 238. To be a special defect, the defect complained of must be of the same kind or class as is referred to by the statute. *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex.1997); *Martinez*, 993 S.W.2d at 884.[4] One characteristic of the condition to be considered in determining whether the condition is a special defect is its size. *Harris County v. Eaton*, 573 S.W.2d 177, 179 (Tex.1978). To be classified as a special defect, the condition must pose an unexpected and unusual danger to ordinary users of the roadway, *Payne*, 838 S.W.2d at 238, in such a way that a vehicle's ability to travel on the road would be unexpectedly and physically impaired. *State v. Rodriguez*, 985 S.W.2d 83, 86 (Tex. 1999).

 The "defect" complained of need not be located on the surface of the road. *Martinez*, 993 S.W.2d at 884; *See, e.g., Chappell v. Dwyer*, 611 S.W.2d 158 (Tex. Civ.App.—El Paso 1981, no writ) (thick brush running alongside the road with a break in the brush appearing to be an intersection); *Jean*, 517 S.W.2d 596 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ refused n.r.e.) (unmarked culvert four feet from end of dead-end road); *Andrews v. City of Dallas*, 580 S.W.2d 908 (Tex.Civ. App.—Eastland 1979, no writ) (foundation of traffic signal was in a median and six inches from road). We observed in *Martinez* that *Chappell*, *Jean*, and *Andrews* involved situations in which the defects complained of were not on the roadway itself, but the injured party was utilizing the roadway immediately before suffering the injury forming the basis of the complaints. *Martinez*, 993 S.W.2d at 885.

### ANALYSIS

James was not traveling on a roadway at the time or immediately prior to the time he encountered the ground box and was injured. The rectangular ground box was estimated by witnesses to have been between eight and eighteen inches from the edge of the adjacent roadway. Pictures show that the box was not between the curbline and the surface of the roadway, but rather was several inches behind the line where the curb would have been had the curb not been removed to create the ramp connecting the sidewalk and street. The curb was still in place on either side of the ramp. The ramp was located between two metal poles which were located outside the roadway area and which were sup-

---

4. For example, courts have determined various conditions to be special defects: *Harris County v. Eaton*, 573 S.W.2d 177, 178–79 (Tex.1978) (hole in road six to ten inches deep extending across ninety percent of the roadway); *Harris County v. Smoker*, 934 S.W.2d 714, 719 (Tex.App.—Houston [1st Dist.] 1996, writ denied) (uncovered storm sewer protruding into the street about two feet); *Morse v. State*, 905 S.W.2d 470, 475 (Tex.App.—Beaumont 1995, writ denied) (ten inch drop off along shoulder of road); *State Dep't of Highways v. Zachary*, 824 S.W.2d 813, 815 (Tex. App.—Beaumont 1992, writ denied) (improper repair of highway caused water to collect on road); *Andrews v. City of Dallas*, 580 S.W.2d 908, 909 (Tex.Civ.App.—Eastland 1979, no writ) (raised concrete base of a traffic signal in median, six inches from the traveled portion of the roadway); *City of Houston v. Jean*, 517 S.W.2d 596, 599 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (six foot ditch only four feet from the end of an unmarked dead-end street). Conversely, Texas courts have held certain conditions to be ordinary premises defects. *See, e.g. State v. Rodriguez*, 985 S.W.2d 83, 86 (Tex.1999) (sign placement and sharp turn on detour around highway construction); *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex.1997) (crumbled step from an elevated sidewalk); *Payne*, 838 S.W.2d at 239 (culvert twenty-two feet from road).

ported by what appear to be concrete bases.

We conclude that the ground box was not a special defect as contemplated by section 101.022(b). The box, in its location, would not have physically affected the ability of a vehicle to travel the roadway. Further, a rectangular depression the size and depth of that created by the ground box would not have created an unexpected physical obstacle to a vehicle's ability to travel on a city street. It is not unexpected for vehicles using city streets to encounter areas where a portion of the roadway or its components have shifted slightly or are less than completely smooth. A one to one and a half inch depression due to the cover of a ground box being lower than the surrounding surface is not an unusual and unpredictable condition to an ordinary person operating a vehicle on a city street. *See State Dep't of Highways and Pub. Transp. v. Kitchen*, 867 S.W.2d 784 (Tex. 1993). We overrule appellants' sole issue.[5]

The judgment of the trial court is affirmed.

---

5. We express no opinion on the question of whether the ground box would be a "defect" under section 101.022(a). That issue is not before us.