HARRIS COUNTY, Appellant,

v.

Silvia and Martin CANTU,
et al., Appellees.

No. 12–99–00332–CV.

Court of Appeals of Texas,
Tyler.

April 28, 2000.

Stephen Smith, Sr., Asst. County Atty., for Harris County.

D. John Leger, Houston, for Silvia & Martin Cantu.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

TOM B. RAMEY, Jr., Chief Justice.

Harris County appeals a jury verdict and judgment for Martin and Silvia Cantu in which the County was held liable for the death of the Cantus' daughter. The Cantus had filed suit against the County alleging that the County's negligence in failing to replace a missing stop sign at an intersection caused the automobile accident which claimed the life of their child. In three issues, the County asserts that sovereign immunity is not waived for wrongful death suits against counties, that there is legally and factually insufficient evidence that the County had a reasonable time to replace the stop sign, and it also complains that the trial court erred when it admitted inadmissible hearsay into evidence. We will reverse and render for the County.

We will discuss the sufficiency question first, as it disposes of this appeal. In reviewing a no evidence claim, we must consider only the evidence and inferences tending to support the jury's fact finding, disregarding all contrary evidence and inferences. *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex.1996). If there is more than a scintilla of probative evidence in the record to support the finding, a no evidence challenge fails. *Id.* However, we will sustain a no evidence issue when: 1) the record discloses a complete absence of evidence of a vital fact; 2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; 3) the evidence offered to prove a vital fact is no more than a mere scintilla; or 4) the evidence establishes conclusively the opposite of the vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex.1998).

Section 101.060 of the Texas Civ. Practice and Remedies Code states that governmental entities are liable for claims arising from:

(2) the absence, condition, or malfunction of a traffic or road sign, signal, or warning device unless the absence, condition, or malfunction is not corrected by the responsible governmental unit within a reasonable time after notice; or

(3) the removal or destruction of a traffic road sign, signal, or warning device by a third person unless the governmental unit fails to correct the removal or destruction within a reasonable time after actual notice.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.060 (Vernon 1997). Before the County could be held liable for the accident, the Cantus had the burden to prove that the County had been given notice that the stop sign was missing and that it failed to replace the sign within a reasonable time after notice.

The Cantus argue that "notice," as contemplated by Section 101.060, means that the governmental entity either knew or should have known by the exercise of reasonable diligence that the stop sign was missing. In support of their argument that the County should have known about the missing stop sign, even if it had not received actual notice, the Cantus offered evidence that the sign had been absent for an extended period of time. And an expert witness testified that one week would be adequate time for the County to locate and replace a missing sign. In other words, the Cantus are attempting to apply a special defect standard to the notice requirement.

We agree that what the governmental entity reasonably should have known is the proper standard in a special defects case. *State Dept. of Highways and Public Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992). However, a suit based upon the absence of a road sign is a premises liability case. *See Texas Dept. of Transp. v. Ramming*, 861 S.W.2d 460, 465 (Tex.App.—Houston [14th Dist.] 1993, writ denied). And in a premises liability case, for the governmental entity to be held

liable, it must be shown that it had actual knowledge of the defect. *Martinez v. City of Lubbock*, 993 S.W.2d 882, 885–86 (Tex. App.—Amarillo 1999, writ denied); *see also State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974)(actual knowledge, rather than constructive knowledge is required in a premises defect case). We review the evidence in this case accordingly.

■ Mr. Collingsworth, the driver of the vehicle in which the deceased child was riding, testified for the Cantus. He stated that three people approached him at the accident scene who were upset about the wreck. He testified to the conversation as follows:

> COLLINGSWORTH: They came up to me and said that they knew something like this was going to happen and that they knew that the missing stop sign was going to cause an accident. They told me that they called and reported it down.

> ATTORNEY: All right. Did they tell you—did anybody ever say to you how long it had been down?

> COLLINGSWORTH: No, sir. They didn't.

> ATTORNEY: Did any of them say who they talked to when they called and reported it down?

> COLLINGSWORTH: No, sir.

Mr. Searle, a professional accident photographer/investigator, testified that he was at the location of the accident soon after it occurred and took photos and a video of the scene. He stated that three people came to him to discuss the missing stop sign because they thought he was with the media. One of the women told him that the sign had been down for quite some time and that she tried to call the County, but had gotten no results. The other two people related to Searle that they were upset because the sign was down and they had not known to whom to report it.

Mr. Brown, a resident of the neighborhood where the accident occurred, testified that the stop sign had been missing for at least a couple of days. He did not report the missing sign, however. Another resident of the neighborhood, Mrs. Colvin, testified that the sign had been missing for less than a week. She did not report the missing sign, either.

The record discloses a complete absence of evidence of a vital fact. No evidence was evinced to show when the sign was reported missing to the proper authorities. Without evidence of when it was reported, there was no way for the jury to determine if the County had taken an unreasonable amount of time to replace the missing stop sign, and should therefore be held liable for the accident. Consequently, the Cantus failed in their burden of proof and we must reverse the judgment of the trial court and render judgment for the County.

Because we have disposed of this case with a sufficiency of the evidence review, it is unnecessary to address the Cantus' additional issues on sovereign immunity and the admission of inadmissible hearsay.