NO. 07-05-0420-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 31, 2007

_____

ROSA DUENES, APPELLANT

V.

CITY OF LITTLEFIELD, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 16311; HONORABLE FELIX KLEIN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Rosa Duenes, appeals from a traditional and no-evidence summary judgment disposing of her premises liability claim against Appellee, the City of Littlefield. Presenting four issues, Duenes contends the trial court erred in concluding that an unsecured water meter box lid constituted a premise defect and in finding there was no evidence supporting at least one essential element of her claim. We affirm.

On March 15, 2003, Duenes injured her knee when she fell into a water meter box near a residential street in Littlefield, Texas. Sometime after dark, Duenes and her husband left a dinner party and walked to the couple's vehicle which was parked on the grass in front of a neighboring residence. As Duenes attempted to enter the vehicle, she stepped on the meter box and its cast iron lid flipped causing her left leg to fall into the box and her right knee to twist. Duenes was injured, and her knee required surgical repair.

Duenes subsequently sued the City to recover her damages alleging that the unsecured meter box lid was a special defect, or in the alternative, a premise defect, pursuant to § 101.022 of the Texas Tort Claims Act.[1] She alleged the City failed to exercise ordinary care to remove, fix, or warn of the condition. The City filed its *Motion for Summary Judgment* raising both traditional and no-evidence grounds. The City claimed that the meter box constituted a premise defect and that there was no evidence that the condition posed an unreasonable risk of harm or that the City was aware of the condition of the meter box lid prior to Duenes's injury. Following a hearing on the motion, the trial court ruled that the meter box was a premise defect and granted summary judgment in favor of the City.[2]

---

[1]Tex. Civ. Prac. & Rem. Code Ann. § 101.022 (Vernon 2005).

[2]The *Order Granting Defendant's Motion for Summary Judgment* did not specify whether it was based on the Defendant's no-evidence or traditional grounds.

## Standard of Review

To determine whether the trial court erred in granting the traditional and no-evidence motion for summary judgment, we apply the standards of review we discussed in *Kimber v. Sideris*, 8 S.W.3d 672, 675-76 (Tex.App.–Amarillo 1999, no pet.).

## Premise Defect or Special Defect

By her first issue, Duenes contends the trial erred because the unsecured meter box lid constituted a special defect under the Texas Tort Claims Act.  We disagree.

A governmental entity may be liable for personal injury caused by a condition or use of real property.  Tex. Civ. Prac. & Rem. Code Ann. § 101.021(Vernon 2005).  However, the applicable standard of care depends on whether the condition is classified as a premise defect or special defect.  *Id.* at § 101.022.

If a condition is determined to be a special defect, the duty owed by the governmental unit to a user of the property is the same as the duty a private landowner owes an invitee.  *See id.* at (b).  *State Dept. of Highways & Public Trans. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).  Thus, the governmental unit must use ordinary care to reduce or eliminate an unreasonable risk of harm created by a condition of which the unit is or reasonably should be aware.  *Payne*, 838 S.W.2d at 237.

If a condition is determined to be a premise defect, the duty owed is the same duty that a private landowner owes a licensee. § 101.022(a); *Payne*, 838 S.W.2d at 237. Under this duty, a landowner must not injure a licensee by willful, wanton, or grossly negligent conduct and must use ordinary care either to warn a licensee of a condition presenting an unreasonable risk of harm of which the landowner is actually aware and the licensee is not, or to make the condition reasonably safe. *Payne*, 838 S.W.2d at 237; *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002).

Whether a condition constitutes a premise defect or a special defect is a question of law. *Payne,* 838 S.W.2d at 238; *Martinez v. City of Lubbock*, 993 S.W.2d 882, 884 (Tex.App–Amarillo 1999, pet. denied). Section 101.022(b) provides that special defects include "excavations or obstructions on highways, roads, or streets." Although this description is not exclusive, the conditions complained of must be of the same kind or class. *City of Grapevine v. Roberts*, 946 S.W.2d 841, 843 (Tex. 1997). The condition must present an unexpected and unusual danger to ordinary users of a roadway. *State v. Burris*, 877 S.W.2d 298, 299 (Tex. 1994); *Payne*, 838 S.W.2d at 238. However, the condition need not be on the surface of the roadway itself. In some instances, dangerous obstacles in close proximity to roadways have been considered special defects. *See, e.g., City of Austin v. Rangel*, 184 S.W.3d 377, 384 (Tex.App.–Austin 2006, no pet.) (an uncovered meter box on a public sidewalk); *Chappell v. Dwyer*, 611 S.W.2d 158, 161(Tex.Civ.App.–El Paso 1981, no writ) (protective barriers removed from an arroyo between two roads that appeared to intersect); *Andrews v. City of Dallas*, 580 S.W.2d 908,

4

909 (Tex.Civ.App.–Eastland 1979, no writ) (concrete foundation in the median of a divided roadway serving as the base of a traffic signal); *City of Houston v. Jean*, 517 S.W.2d 596 (Tex.Civ.App.–Houston [1st Dist.] 1974, writ ref'd n.r.e.) (an unmarked culvert four feet from the end of the roadway).

Here, Duenes contends the unsecured meter box lid constituted a special defect; therefore, the City owed her the duty owed to an invitee. Citing *Martinez v. State,* 993 S.W.2d 882 (Tex.App.–Amarillo 1999, pet. denied), Duenes contends that the meter box was in close proximity to the residential street, and that it was common for users of the roadway to pull over and park their vehicles on the grassy area where the meter box was located. Furthermore, she states that when the injury occurred, she was "about to enter the roadway for travel" and "was using the roadway and its parking area for its intended purpose . . . namely, getting in and out of the vehicle." Based on these circumstances, Duenes concludes the unsecured meter box lid posed a threat to the ordinary users of the residential street.

However, reviewing the summary judgment evidence, we are not convinced that the unsecured meter box lid constituted a special defect subjecting the City to the higher standard of care. The evidence reveals that the meter box was approximately seventeen and a half feet from the residential street and only a few feet from a fence in front of the residence.[3] The lid itself was partially obscured by weeds and sat approximately five

---

[3]It is unclear whether the water meter actually serviced the residence.

inches below ground level. Both Duenes and her husband testified that there was no curb separating the roadway from the grassy area where the meter box was located.

Faced with similar circumstances, in *Bishop v. City of Big Spring*, 915 S.W.2d 566 (Tex.App.–Eastland 1995, no writ), the court held that a defective water meter box on the side of the roadway was not a special defect because it was located in an area between a mailbox and a fence. *Id.* at 571. The court reasoned that the condition did not create a hazard to normal users of the roadway because they would not typically travel in that location. *Id.* Similarly, in *Martinez*, this Court failed to find a special defect where a pedestrian stepped into an uncovered hole on a dirt path three to five feet from a curbed roadway. *Martinez,* 993 S.W.2d at 882. While acknowledging that the dangerous condition need not be on the surface of the road itself, we held that "the hole at bar was not located at a place where users of the roadway would normally travel." *Id.* at 885. Although there was no curb or other physical obstruction demarcating the roadway from the grass in the present case, like *Bishop* and *Martinez,* the meter box was not located in an area where users of the roadway would normally travel. Even taking as true Duenes's testimony that users of the residential street routinely pulled over and parked on the grassy area adjacent to the roadway, the meter box's distance from the roadway and its proximity to the fence render it unlikely that persons using the roadway for this purpose would normally encounter this condition.

By her reply brief, Duenes contends that, because there were no curbs, the area where the meter box was located was akin to a public sidewalk. Citing *City of Austin v.*

6

*Rangel*, 184 S.W.3d at 384 and *City of El Paso v. Chacon*, 148 S.W.3d 417 (Tex.App.–El Paso 2004, pet. denied)*,* Duenes suggests that pedestrians entering and exiting vehicles were required to walk in the area where the defective meter box was located. However, *Rangel* and *Chacon* both rely on the fact that a sidewalk is defined as "the portion of a street . . . between a curb or lateral line of the roadway and the adjacent property line. . . *intended for pedestrian use*." Tex. Transp. Code Ann. § 541.302(16) (Vernon 1999) (emphasis added). The meter box in the present case does not reside in such an area. In addition, both courts found that a dangerous condition existed in a location where pedestrians would normally walk and would not expect to encounter danger. Here, there is no evidence of pedestrian traffic in the area surrounding the meter box other than the testimony of Duenes and her husband. Moreover, the evidence suggests it would be unlikely for persons entering and exiting parked vehicles to traverse along the fence seventeen and a half feet from the roadway in an area of tall weeds oblivious to the possibility that there may be obstacles unbeknownst to them in their path. A dangerous condition located so far from the roadway that vehicular passengers and other normal users of the roadway are unlikely to encounter it is not a special defect. *Payne*, 838 S.W.2d at 239; *Tex. Dep't of Transp. v. Andrews*, 155 S.W.3d 351, 356 (Tex.App.–Fort Worth 2004, pet. denied). To hold otherwise could subject governmental entities to liability for any number of conditions, regardless of their distance from roadways, simply due to the fact that the surrounding area is occasionally used by vehicles or pedestrians. Accordingly, we agree with the trial court and find that the condition of the meter box constituted a premise defect, as opposed to a special defect under § 101.022. Issue one is overruled.

Because the condition of the meter box constituted a premise defect, the City had a duty to use ordinary care to warn Duenes of any dangerous condition of which it was actually aware and Duenes was unaware, or make the condition reasonably safe.

**Actual Knowledge of Unreasonably Dangerous Condition**

To recover for an injury caused by premise defect, Duenes would have to prove that the City had actual knowledge of an unreasonably dangerous condition. *Payne*, 838 S.W.2d at 237; *Martinez,* 993 S.W.2d at 886. By its motion for summary judgment, the City alleged there was no evidence that it had actual knowledge of the condition of the meter box. The City further alleged that there was no evidence that it had any knowledge that the condition was unreasonably dangerous.

By her third issue, Duenes contends summary judgment was improper because "the testimony and related inferences" demonstrate that the City knew about the condition of the unsecured meter box lid prior to her injury. We disagree.

Specifically, Duenes relies on the following evidence which she claims supports her contention:

1.   The testimony of eyewitness Isidra Marquez that the meter box lid had not been working properly for at least one month prior to Duenes's injury.

2.   The testimony of Michael Williamson that a City employee made a service call to the meter box five days prior to Duenes's injury.

8

The evidence indicates that Marquez hosted the dinner party that Duenes attended and lived in the house next door to the property where the meter box was located. By deposition, she testified that she had noticed the lid was flipping at least a month before Duenes's injury and had placed a rock on top of the lid to protect her grandchildren. However, she conceded that she never contacted the City about the dangerous condition and never saw City employees working at the meter box. In his deposition, the City's Water Superintendent, Michael Williamson, insisted that the City had no actual knowledge of the meter box's condition on the date of the accident. He did confirm that a City employee "completed a job " at the meter box five days prior to Duenes's injury but testified that there was not a problem with the lid because if there was, it would have been reported to him. Williamson did not rule out the possibility that the box could have been tampered with after the service call.

Even so, Duenes insists that the evidence in this case parallels the evidence in *Cross v. City of Dallas,* 581 S.W.2d 514 (Tex.Civ.App.–Dallas 1979, writ ref'd n.r.e.). However, *Cross* was an appeal from a *judgment non obstante veredicto* concerning whether a jury could reasonably infer from circumstantial evidence that a city employee negligently failed to lock a water meter lid. *See id.* Although facially similar, we do not find *Cross* to be persuasive authority on the issue of actual knowledge.

A trial court should grant a no-evidence motion for summary judgment when the evidence offered to support a vital fact is "no more than a mere scintilla" of evidence. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742 (Tex. 2003). No more than a scintilla of

evidence is established when the evidence would not allow reasonable and fair-minded people to differ in their conclusions. *Forbes, Inc. v Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex. 2003). The evidence offered by Duenes, the non-movant, in opposition to the City's no-evidence motion for summary judgment is no more than a mere scintilla of evidence of a vital fact, to-wit: actual notice. Marquez' testimony does not touch upon the City's actual notice at all. Williamson's testimony merely acknowledges the City's awareness of the existence of the meter box but does not acknowledge notice of any defect. Based upon such evidence, reasonable and fair-minded people could not reach the conclusion that the City had actual notice of a defective condition. Therefore, having negated at least one essential element of Duenes's cause of action, we hold the trial court did not err in granting summary judgment in this regard. *Randall's Food Mkts, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Duenes's third issue is overruled. Our disposition of this issue pretermits our consideration of Duenes's second and fourth issues. Tex. R. App. P. 47.1.

Accordingly, the judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

10