Opinion filed May 8, 2008

















 
 
 The Court on this day, May 15, 2008, has withdrawn this
 opinion and judgment dated May 8, 2008, and substituted the opinion and
 judgment dated May 15, 2008. 
 
 





 
 
  
 
 


Opinion filed May 8, 2008

 

 

 

 

 

 

                                                                       
In The

                                                                             


    Eleventh Court of Appeals

                                                                
____________

 

                                                         
No. 11-07-00038-CV 

                                                    
__________

 

                                 
CARMELA BUSTILLOS, Appellant

 

                                                            
V.

 

                                     
CITY OF MIDLAND,
Appellee

 





 

                                        
On Appeal from the 238th District Court

                                                       
Midland County, Texas

                                               
Trial Court Cause No. CV45,055

 





 

                                             
M E M O R A N D U M   O P I N I O N

 

Appellant,
Carmela Bustillos, filed
suit against the City of Midland
for injuries she sustained when she stepped into an uncovered water meter
box.  She alleged that this condition of the property constituted a
special defect under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. '' 101.001-.109 (Vernon 2005 & Supp.
2007).  The City filed a plea to the jurisdiction that contested the
status of the open water meter box as a special defect.  The trial court
granted the City=s
plea to the jurisdiction and dismissed appellant=s
lawsuit.  We affirm.

                                                              
Background Facts

 

Appellant
worked as a cashier at a Family Dollar in Odessa. 
One evening after the close of business, she exited a side door of the store
for the purpose of carrying trash out to the store=s dumpsters that were located adjacent to an
alley running behind the store.  She stepped into the hole that is the
subject of this appeal on her second trip to the dumpsters.  Appellant
testified in her deposition that the hole was located next to one of the
dumpsters in a grassy area.

In
its plea to the jurisdiction, the City challenged appellant=s contention that the
uncovered water meter box constituted a special defect.  The City cited Bishop
v. City of Big Spring, 915 S.W.2d 566 (Tex. App.CEastland 1995, no
writ), and Martinez v. City of Lubbock, 993 S.W.2d 882 (Tex. App.CAmarillo
1999, pet. denied), in support of its contention.  The City additionally attached
excerpts of appellant=s
deposition wherein she testified that the hole was not located in the
alley.  Specifically, appellant testified as follows:

Q. You would agree
with me that in order -- that somebody walking in the
alleyway        behind the store
would not step into that hole, correct?

 

A. Correct.

 

Q. You would have to
leave the alleyway to step into that hole?

 

A. Yes.

 

The City also
attached the affidavits of two of its employees that stated that the water
meter box was not located in the alley and that ordinary users of the alley
would not encounter it.  In her response to the City=s plea to the jurisdiction,
appellant argued that the cases cited by the City are distinguishable because
there were no obstructions that separated the alley from the area where the
water meter box was located.

                                                             
Standard of Review

Sovereign
immunity from suit defeats a trial court=s
subject-matter jurisdiction unless the state expressly consents to suit. Tex. Dep=t of Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex.
1999). Governmental immunity operates like sovereign immunity to afford similar
protection to subdivisions of the State, including counties, cities, and school
districts. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex.
2003).  Governmental immunity from suit defeats a trial court=s subject-matter
jurisdiction.  Tex. Dep=t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225‑26 (Tex. 2004). 
Therefore, governmental immunity is properly asserted in a plea to the
jurisdiction.  Id.

 

A
plea to the jurisdiction is a dilatory plea used to defeat a cause of action
without regard to whether the claims asserted have merit. Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  We
review the trial court=s
ruling on a plea to the jurisdiction de novo.  See Miranda, 133 S.W.3d at 226.  The plaintiff has the burden of
alleging facts to affirmatively demonstrate that the district court has
jurisdiction.  Id. 
If a plea to the jurisdiction challenges the existence of jurisdictional facts,
we consider evidence necessary to resolve the jurisdictional issues, just as
the district court is required to do.  See id. at
227.  When the jurisdictional challenge implicates the merits of the
plaintiff=s cause of
action and the plea to the jurisdiction includes evidence, the trial court
reviews the relevant evidence to determine if a fact issue exists. Id.  If the
evidence is undisputed or fails to raise a fact question on the jurisdictional issue,
then the district court rules on the plea to the jurisdiction as a matter of
law. Id. at 228.

                                                                       
Analysis

Appellant
asserts in a single point of error that the trial court erred in granting the
City=s plea to the
jurisdiction on the basis that the open water meter box did not constitute a
special defect.  The Tort Claims Act provides a limited waiver of
sovereign or governmental immunity allowing suits to be brought against
governmental units only in certain, narrowly defined circumstances.  Tex. Dep=t of Criminal Justice v.
Miller, 51 S.W.3d 583, 587 (Tex.
2001).  Appellant pleaded the following jurisdictional facts in her
petition:

Further,
and in the alternative, Plaintiff pleads that the condition upon the premises
in question constituted a special defect as defined in the Texas Tort Claims
Act.  The manhole cover was under the control of the City of Midland.  The
condition posed an unreasonable risk of injury to Plaintiff.  The [D]efendant knew or should have known of such open manhole
cover, or taken steps to warn Plaintiff of said condition, or taken steps to
alleviate said condition.  This breach on the part of Defendant, City of Midland, was the
proximate cause of Plaintiff=s
injuries.

 

By pleading a
special defect, appellant ostensibly contends that her injuries were caused by
a condition of real property.  A governmental unit may be liable for
personal injuries caused by a condition of real property if the governmental
unit would, were it a private person, be liable under Texas law.  Section
101.021.

 

A
condition of real property that gives rise to an injury can be classified as
either a premises defect or a special defect.  Section
101.022.  The governmental unit=s
standard of care depends on whether the condition is classified as a premises
defect or a special defect.  Id.;
State Dep=t
of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). 
If a premises defect existed, the City only owed appellant the same duty that a
private landowner owes a licensee.  See Payne,
838 S.W.2d at 237 (citing Section 101.022(a)).  If, instead, the
condition was a special defect, the City owed appellant the duty that a private
landowner owes an invitee.  See id. (citing
Section 101.022(b)).  The primary difference is that the City must
repair or warn of premises defects only if it has knowledge of the dangerous
condition.  See City of Grapevine v.
Roberts, 946 S.W.2d 841, 843 (Tex.
1997).   However, a duty to repair or warn of a special defect
is imposed if the City knew or should have known of the dangerous condition. Id. The
determination of whether a condition is a special defect is a question of law
for the court to decide. Id.

Special
defects include Adefects
such as excavations or obstructions on highways, roads, or streets.@ 
Section 101.022(b).  Generally, special defects satisfying the statute Apresent
an unexpected and unusual danger to ordinary users of roadways.@ 
Payne, 838 S.W.2d at 238.  Accordingly, the central question in
this appeal is whether the open water meter box presented an unexpected and
unusual danger to ordinary users of the alley located behind appellant=s place of
employment.  We conclude that it did not.

We
begin our analysis by noting that appellant was not an ordinary user of the
alley at the time the incident occurred.  The supreme
court made the same observation of the claimant=s status in Payne, 838 S.W.2d at
239.  An ordinary user of the alley would be a person traveling in the
alley or in a path parallel with the alley.  Id.  As noted previously, the
open water meter box was located adjacent to dumpters
that lined the side of the alley.  An ordinary user of the alley would not
encounter the hole because the dumpsters located on the side of the alley
precluded users from traveling in a path parallel to the alley. 
Accordingly, we agree with the trial court=s
determination that the open water meter box did not constitute a special
defect.  

The
trial court=s
determination that the hole did not constitute a special defect is fatal to
appellant=s claim
against the City.  She has not alleged a premises defect because she did
not allege that the City=s
conduct was willful, wanton, or grossly negligent or that the City had actual
knowledge of the condition while she did not.  See City of Houston v.
Harris, 192 S.W.3d 167, 175 (Tex.
App.CHouston
[14th Dist.] 2006, no pet.).  Thus, the City=s knowledge of the open water meter box is
irrelevant in this case.  Appellant=s
sole point of error is overruled.

 

                                                              
This Court=s
Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

May 8, 2008

Panel consists of:  Wright,
C.J.,

McCall, J., and Hill, J.[1]














[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.