Order filed May 15, 2008











 
 
  
 
 







 
 
  
 
 




Order filed May 15, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00038-CV 

                                                    __________

 

                                  CARMELA BUSTILLOS, Appellant

                                                             V.

                                      CITY
OF MIDLAND, Appellee

 



 

                                         On
Appeal from the 238th District Court

                                                        Midland
County, Texas

                                                Trial
Court Cause No. CV45,055

 



 

                                                                     O
R D E R

 

Our
former opinion and judgment dated May 8, 2008, are withdrawn, and our opinion
and judgment dated May 15, 2008, are substituted therefor.

 

 

TERRY McCALL

JUSTICE

 

May 15, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]











 
 
  
 
 







 
 
  
 
 




Opinion
filed May 15, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00038-CV 

                                                     __________

 

                                  CARMELA
BUSTILLOS, Appellant

 

                                                             V.

 

                                      CITY
OF MIDLAND, Appellee

 



 

                                         On
Appeal from the 238th District Court

                                                        Midland
County, Texas

                                                Trial
Court Cause No. CV45,055

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

Appellant,
Carmela Bustillos, filed suit against the City of Midland for injuries she
sustained when she stepped into an uncovered water meter box.  She alleged that
this condition of the property constituted a special defect under the Texas
Tort Claims Act, Tex. Civ. Prac. &
Rem. Code Ann. ''
101.001-.109 (Vernon 2005 & Supp. 2007).  The City filed a plea to the
jurisdiction that contested the status of the open water meter box as a special
defect.  The trial court granted the City=s
plea to the jurisdiction and dismissed appellant=s
lawsuit.  We affirm.

                                                               Background
Facts








Appellant
worked as a cashier at a Family Dollar in Midland.  One evening after the close
of business, she exited a side door of the store for the purpose of carrying
trash out to the store=s
dumpsters that were located adjacent to an alley running behind the store.  She
stepped into the hole that is the subject of this appeal on her second trip to
the dumpsters.  Appellant testified in her deposition that the hole was located
next to one of the dumpsters in a grassy area.

In
its plea to the jurisdiction, the City challenged appellant=s contention that the
uncovered water meter box constituted a special defect.  The City cited Bishop
v. City of Big Spring, 915 S.W.2d 566 (Tex. App.CEastland 1995, no writ), and Martinez v.
City of Lubbock, 993 S.W.2d 882 (Tex. App.CAmarillo
1999, pet. denied), in support of its contention.  The City additionally
attached excerpts of appellant=s
deposition wherein she testified that the hole was not located in the alley. 
Specifically, appellant testified as follows:

Q. You would agree
with me that in order -- that somebody walking in the alleyway        behind
the store would not step into that hole, correct?

 

A. Correct.

 

Q. You would have to
leave the alleyway to step into that hole?

 

A. Yes.

 

The City also
attached the affidavits of two of its employees that stated that the water
meter box was not located in the alley and that ordinary users of the alley
would not encounter it.  In her response to the City=s plea to the jurisdiction, appellant argued
that the cases cited by the City are distinguishable because there were no
obstructions that separated the alley from the area where the water meter box
was located.

                                                              Standard
of Review

Sovereign
immunity from suit defeats a trial court=s
subject-matter jurisdiction unless the state expressly consents to suit. Tex.
Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Governmental immunity
operates like sovereign immunity to afford similar protection to subdivisions
of the State, including counties, cities, and school districts. See Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003). 
Governmental immunity from suit defeats a trial court=s subject-matter jurisdiction.  Tex. Dep=t of Parks & Wildlife
v. Miranda, 133 S.W.3d 217, 225‑26 (Tex. 2004).  Therefore,
governmental immunity is properly asserted in a plea to the jurisdiction.  Id.








A
plea to the jurisdiction is a dilatory plea used to defeat a cause of action
without regard to whether the claims asserted have merit. Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  We review the trial court=s ruling on a plea to the
jurisdiction de novo.  See Miranda, 133 S.W.3d at 226.  The plaintiff
has the burden of alleging facts to affirmatively demonstrate that the district
court has jurisdiction.  Id.  If a plea to the jurisdiction challenges
the existence of jurisdictional facts, we consider evidence necessary to
resolve the jurisdictional issues, just as the district court is required to
do.  See id. at 227.  When the jurisdictional challenge implicates the
merits of the plaintiff=s
cause of action and the plea to the jurisdiction includes evidence, the trial
court reviews the relevant evidence to determine if a fact issue exists. Id. 
If the evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, then the district court rules on the plea to the
jurisdiction as a matter of law. Id. at 228.

                                                                        Analysis

Appellant
asserts in a single point of error that the trial court erred in granting the
City=s plea to the
jurisdiction on the basis that the open water meter box did not constitute a
special defect.  The Tort Claims Act provides a limited waiver of sovereign or
governmental immunity allowing suits to be brought against governmental units
only in certain, narrowly defined circumstances.  Tex. Dep=t of Criminal Justice v.
Miller, 51 S.W.3d 583, 587 (Tex. 2001).  Appellant pleaded the following jurisdictional
facts in her petition:

Further,
and in the alternative, Plaintiff pleads that the condition upon the premises
in question constituted a special defect as defined in the Texas Tort Claims
Act.  The manhole cover was under the control of the City of Midland.  The
condition posed an unreasonable risk of injury to Plaintiff.  The [D]efendant
knew or should have known of such open manhole cover, or taken steps to warn
Plaintiff of said condition, or taken steps to alleviate said condition.  This
breach on the part of Defendant, City of Midland, was the proximate cause of
Plaintiff=s injuries.

 

By pleading a
special defect, appellant ostensibly contends that her injuries were caused by
a condition of real property.  A governmental unit may be liable for personal
injuries caused by a condition of real property if the governmental unit would,
were it a private person, be liable under Texas law.  Section 101.021.








A
condition of real property that gives rise to an injury can be classified as
either a premises defect or a special defect.  Section 101.022.  The
governmental unit=s
standard of care depends on whether the condition is classified as a premises
defect or a special defect.  Id.; State Dep=t of Highways & Pub.
Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992).  If a premises defect
existed, the City only owed appellant the same duty that a private landowner
owes a licensee.  See Payne, 838 S.W.2d at 237 (citing Section
101.022(a)).  If, instead, the condition was a special defect, the City owed
appellant the duty that a private landowner owes an invitee.  See id.
(citing Section 101.022(b)).  The primary difference is that the City must
repair or warn of premises defects only if it has knowledge of the dangerous
condition.  See City of Grapevine v. Roberts, 946 S.W.2d 841, 843 (Tex.
1997).   However, a duty to repair or warn of a special defect is imposed if
the City knew or should have known of the dangerous condition. Id. The
determination of whether a condition is a special defect is a question of law
for the court to decide. Id.

Special
defects include Adefects
such as excavations or obstructions on highways, roads, or streets.@  Section 101.022(b). 
Generally, special defects satisfying the statute Apresent an unexpected and unusual danger to
ordinary users of roadways.@ 
Payne, 838 S.W.2d at 238.  Accordingly, the central question in this
appeal is whether the open water meter box presented an unexpected and unusual
danger to ordinary users of the alley located behind appellant=s place of employment.  We
conclude that it did not.

We
begin our analysis by noting that appellant was not an ordinary user of the
alley at the time the incident occurred.  The supreme court made the same
observation of the claimant=s
status in Payne, 838 S.W.2d at 239.  An ordinary user of the alley would
be a person traveling in the alley or in a path parallel with the alley.  Id. 
As noted previously, the open water meter box was located adjacent to dumpsters
that lined the side of the alley.  An ordinary user of the alley would not
encounter the hole because the dumpsters located on the side of the alley
precluded users from traveling in a path parallel to the alley.  Accordingly,
we agree with the trial court=s
determination that the open water meter box did not constitute a special
defect.  

The
trial court=s
determination that the hole did not constitute a special defect is fatal to
appellant=s claim
against the City.  She has not alleged a premises defect because she did not
allege that the City=s
conduct was willful, wanton, or grossly negligent or that the City had actual
knowledge of the condition while she did not.  See City of Houston v. Harris,
192 S.W.3d 167, 175 (Tex. App.CHouston
[14th Dist.] 2006, no pet.).  Thus, the City=s
knowledge of the open water meter box is irrelevant in this case.  Appellant=s sole point of error is
overruled.

 








                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

May 15, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.





[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.